## ·MURKS v. THE STATE.

1. Where the showing made touching newly discovered evidence discloses that the witnesses were present at the transaction in question, and nothing appearing to show ignorance of their presence by the party moving for a new trial, the diligence of such party is not vindicated.
2. The evidence warranted the verdict.            Judgment affirmed.
March 14, 1893.

Indictment for burglary.    Before Judge RICHARD H. CLARK.    Fulton superior court.    September term, 1892.

Murks was convicted of· burglary, and his motion for a new trial was overruled.    The evidence tended to show,

that two days before the burglary, he was about the premises where it was committed; and upon the night of the day he had been upon the premises engaged in doing some work, somebody was heard in the cellar of the burglarized house. The next day defendant did not come back for payment for the work, and a pair of pantaloons was missed, and was found down in the cellar. That night (Friday) the burglar came again, broke in and took the pantaloons and some wine, and on the next Sunday defendant was caught with the pantaloons on, and with a little snuff-box which belonged to a lady living in the burglarized house. When so caught, he said he had bought the pantaloons at the car-shed for fifty cents, from a black fellow whose name he could not call, and who had gone to Pennsylvania. For the defendant a witness testified, that two or three years ago the character of the principal witness for the State was pretty bad, but witness had not heard anything against him lately. Defendant's aunt testified, that on Saturday before he was arrested on Sunday, he came to her restaurant and brought a boy with him, and asked her to loan him fifty cents to buy a pair of pantaloons from the boy. She did not know whether it was the pair of pantaloons in question or not, but knows defendant bought a pair. She did not know who was the man he bought them from, but he was a low, dark, heavy built man. Another witness testified, that he had seen defendant with a kind of box that defendant always carried his money in, before the time of his arrest; witness did not know what it was, whether it was a snuff-box or not; defendant shook it at him and said it was gold.

The motion for a new trial was upon the grounds, that the verdict was contrary to law, evidence, etc., and for newly discovered evidence. In support of the latter ground was produced the affidavit of one Blalock, that

he was acquainted with defendant; that he saw him buy a pair of pantaloons from a small black man on the Saturday forenoon before he was arrested; that affiant knew defendant had in his possession, at least two months before his arrest, a little advertisement in the shape of a snuff-box; that he knew that defendant paid fifty cents for the pantaloons, saw him do it. Also, the affidavit of one Bird, that he was well acquainted with defendant; that on the Saturday morning before he was arrested he saw defendant purchase a pair of pantaloons from a small black man and pay him therefor fifty cents; that these were the pantaloons for the theft of which in an alleged burglary defendant was tried and convicted; and that affiant and Blalock were together when they saw defendant purchase the pantaloons at a restaurant on Decatur street in Atlanta. Also, the affidavits of defendant and his counsel, that they did not know and could not have known, before and at the time of his trial, that the evidence of Blalock or of Bird could be had.

CLINTON GOWDY and F. R. WALKER, for plaintiff in error.    C. D. HILL, solicitor-general, *contra*.